UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSF INTERNATIONAL, INC.,<br><br>            Plaintiffs,<br><br>vs.<br><br>JASON SPELLICY, AMANDA SPELLICY, ESTIMATED PROFITS, LLC, and JACS GRATEFUL PASTA, LLC,<br><br>            Defendants | Civil Action No. 6:23-13 (MAD/TWD)<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff OSF INTERNATIONAL, INC. (herein "OSF"), by and through their attorneys, Lee Palmateer Law Office LLC, as and for their Complaint against Defendants, allege the following:

**THE PARTIES**

1. Plaintiff OSF is a corporation organized under the laws of the State of Oregon having a principal place of business at 715 S. Bancroft Street, Portland, Oregon 97239.

2. Upon information and belief, Defendant JASON SPELLICY (hereinafter "Mr. Spellicy") is a natural person residing in Blossvale, New York.

3. Upon information and belief, Defendant AMANDA SPELLICY (hereinafter "Ms. Spellicy") is a natural person residing in Blossvale, New York.

4. Upon information and belief, Defendant ESTIMATED PROFITS, LLC (hereinafter "PROFITS") is a New York limited liability company with a principal place of business at 8023 Kimball Road, Blossvale, New York 13308.

5. Upon information and belief, Defendant JACS GRATEFUL PASTA, LLC (hereinafter "JACS") is a New York limited liability company with a principal place of business at 8023 Kimball Road, Blossvale, New York 13308.

6. Upon information and belief, Defendants Jason Spellicy and Amanda Spellicy are husband and wife, and are principals with majority ownership and control of Defendants PROFITS and JACS.

7. Upon information and belief Defendant PROFITS owns the real estate and restaurant building, Defendant JACS holds the liquor license, Defendants PROFITS and JACS were formed on the same day in 2018 for coordinated business purposes, and all of the defendants together collaboratively as a business enterprise operate and profit from operations of the THE SPAGHETTI FACTORY restaurant located at 6800 Route 13, Verona Beach, New York 13162.

## JURISDICTION AND VENUE

8. This is an action for trademark infringement under 15 U.S.C. §1114, trademark dilution, false advertising, unfair competition, false designation of origin and trademark cyberpiracy under 15 U.S.C. §1125(a), (c) and (d) and related common law claims; for violation of New York State General Business Law §§ 133, 349, 350 and 360-1; and New York Common Law Unfair Competition.

9. This Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 1116 and 1121, under diversity of citizenship pursuant to 28 U.S.C. § 1332, and under Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367(a).

10. Venue is based upon 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

11. OSF has exclusive trademark rights to the mark and name THE OLD SPAGHETTI FACTORY® (hereinafter "THE OLD SPAGHETTI FACTORY" or "the Mark") for use in connection with restaurant services and related goods and services.

12. OSF owns U.S. Trademark Registration No. 942108 for use of the Mark for restaurant services, which registration was issued on August 29, 1972 based on Application Serial No. 72354761 filed with the U.S. Patent and Trademark Office on March 23, 1970.

13. OSF owns and operates restaurants in interstate commerce and has used THE OLD SPAGHETTI FACTORY continuously as a trademark in interstate commerce in connection with its restaurants and related goods and services since a time prior to said application date.

14. Under § 15 of the Trademark Act, 15 U.S.C. § 1065, OSF's right to use the Mark has become incontestable.

15. Under § 33(b) of the Trademark Act, 15 U.S.C. § 1115(b), the registration is conclusive evidence of the validity of the Mark and registration, of the OSF's ownership of the mark, and of OSF's exclusive right to use the Mark in commerce.

16. THE OLD SPAGHETTI FACTORY is a distinctive trademark as applied to restaurant services.

17. OSF opened its first restaurant in Oregon and has a history of expansion throughout the western United States and across the country.  OSF serves patrons from New York State on a regular basis, advertises in New York State, and considers New York State to be a prospective location for a restaurant in the future.

18. Currently, OSF owns and operates more than forty (40) restaurants under the mark and name THE OLD SPAGHETTI FACTORY in thirteen (13) states, including Hawaii, Washington, Oregon, California, Arizona, Utah, Colorado, Kansas, Oklahoma, Missouri, Kentucky, Indiana, and Ohio, and has owned and operated restaurants under the Mark in Nevada, Idaho, Minnesota, Tennessee, Georgia, North Carolina, and Massachusetts.

19. OSF's restaurants serve roughly 8 million customers annually and have served well in excess of 100 million customers over the last 20 years alone.

20. OSF displays the Mark prominently and extensively on exterior restaurant signage, menus, its website *www.osf.com*, other social media, and a wide range of other advertising media and marketing channels.

21. OSF has engaged in a continuous and extensive advertising and marketing campaign for its THE OLD SPAGHETTI FACTORY restaurants for decades across the United States.

22. OSF's restaurants have received extensive unsolicited nationwide media acclaim for the quality of its services, the quality of its architecture, interior design and decor, and other positive impacts the restaurants have on host communities, including restoration and preservation of historic buildings.

23. THE OLD SPAGHETTI FACTORY is widely recognized by the general consuming public of the United States as a designation of source of OSF's restaurant services.

24. OSF is a family-owned company that has provided consistently high-quality restaurant services and dining experiences under the Mark for many decades, and as a result the Mark has come to symbolize quality services and a quality company.

25. OSF has focused significant time, energy, resources, money, know-how and skill developing and marketing THE OLD SPAGHETTI FACTORY restaurants and has generated significant goodwill value in the Mark and the business it symbolizes.

26. OSF provides unique Italian restaurant for everyone to enjoy. For decades OSF has invested meticulous attention to its unique décor and classical designs, which are adorned with antique lighting, intricate stained-glass displays, large colorful booths, and an old-fashioned

trolley car for guests to dine in to provide the perfect atmosphere for a family celebration, a group event, or a special dinner date. The Mark symbolizes these qualities and characteristics to consumers.

27. The Mark and the goodwill associated therewith are valuable assets of OSF and provide OSF with commercial advantage.

28. After U.S. Trademark Registration No. 942108 was issued for OSF's Mark and without OSF's authorization or consent, Defendants adopted the mark and name THE SPAGHETTI FACTORY and registered the domain name *www.thespaghettifactoryrestaurant.com* for use in connection with its own Italian restaurant in interstate commerce in the United States.

29. Upon information and belief, Defendant JACS has a license from the New York State Liquor Authority to serve liquor, wine, beer and cider at the THE SPAGHETTI FACTORY restaurant, Defendants Mr. Spellicy and Ms. Spellicy are identified as principals on the license, and Defendants sell alcoholic beverages that travel in interstate commerce at the restaurant.

30. Upon information and belief, Defendants began using THE SPAGHETTI FACTORY as a trademark for its restaurant in Verona Beach, New York in 2019 and have continue such use since that time.

31. Upon information and belief, in or about December 2018 Defendants registered the domain name *www.thespaghettifactoryrestaurant.com* and thereafter used the domain name in commerce in connection with its restaurant.

32. Upon information and belief, Defendants prominently display THE SPAGHETTI FACTORY trademark to identify and promote its restaurant on a sign outside its restaurant, on

menus, on the website *www.thespaghettifactoryrestaurant.com*, on the Facebook page *SpaghettiFactoryVB*, and other social media in interstate commerce.

33. Verona Beach is a travel destination along the famous Erie Canal in the Erie Canalway National Heritage Corridor, and is situated on the Eastern Shore of Oneida Lake, which is the largest lake entirely within New York State. Upon information and belief, the Erie Canalway National Heritage Corridor is visited by hundreds of thousands of visitors per year, including a large contingent of interstate travelers from Pennsylvania, Ohio, New Jersey, Michigan, Virginia, Massachusetts, Connecticut, and other US states.

34. Defendants' restaurant is less than a quarter mile walk or drive from the Erie Canal and is conveniently accessible to boaters and other travelers in the Erie Canalway National Heritage Corridor.

35. Upon information and belief, Defendants' THE SPAGHETTI FACTORY restaurant is advertised and promoted extensively through travel and tourism advertising channels, including but not limited to the websites *www.sylvanbeach.org/dining* and *https://sylvanbeachny.com/restaurants/*.

36. Defendants' THE SPAGHETTI FACTORY restaurant services are advertised and sold in interstate commerce in the United States through online e-commerce channels and other channels, including advertisement and sale direct to consumers at the website *www.thespaghettifactoryrestaurant.com*, the Facebook page *SpaghettiFactoryVB*, and other social media.

37. Upon information and belief, before using the THE SPAGHETTI FACTORY trademark, Defendants were aware of OSF's ownership, registration, and use of the THE OLD SPAGHETTI FACTORY in connection with restaurant services.

38. Upon information and belief, with full knowledge of OSF's prior rights to the mark, Defendants adopted and used the Mark in bad faith with the intent to deceive and mislead the public in a material respect.

39. OSF sent a letter to Defendants on or about October 5, 2022 informing Defendants of OSF's trademark rights and demanding Defendants to cease using confusingly similar marks and names, to which Defendants sent a reply letter on or about October 25, 2022 stating that Defendants serve customers from across the country and rejecting OSF's demand.

40. The mark THE SPAGHETTI FACTORY is extremely similar to and substantially indistinguishable from the mark THE OLD SPAGHETTI FACTORY in sight, sound, meaning and commercial connotation.

41. Defendants' use of the Mark deceives and misleads the public in a material respect and is likely to cause confusion or to cause mistake as to the affiliation, connection, or association of Defendants with OSF, and as to the origin, sponsorship, or approval by OSF of Defendants' goods, services, and commercial activities.

42. Defendants' use of the Mark has caused and is causing actual confusion as to the affiliation, connection, or association with OSF, and as to the origin, sponsorship, or approval of Defendants' goods and services by OSF, including an instance of actual confusion of a prospective customer that OSF became aware of in or about May of 2022.

43. Defendants' use of the THE SPAGHETTI FACTORY mark and name deceives and misleads the public into believing that Defendants' restaurant is from the same source as OSF's THE OLD SPAGHETTI FACTORY restaurants.

44. Defendants' use of the THE SPAGHETTI FACTORY Mark and name misrepresents that the nature, quality, and characteristics of Defendants' restaurant services are the same as OSF's THE OLD SPAGHETTI FACTORY restaurant services.

45. The nature, quality and characteristics of Defendants' restaurant services are different and of lesser quality than OSF's restaurant services, including quality controls, food, recipes, architecture, interior design and decor, operating procedures, hospitality, reservation methods, online customer interface, and other differences that result in a different and lesser dining experience than does OSF's restaurant services.

46. OSF restaurants are open year-round on a consistent, reliable schedule.

47. Defendants' restaurant is open seasonally and closed for December, January, and February.

48. The seasonal disruption of Defendants' services is harmful to consistency and quality of service, signifies unreliability, causes consumer uncertainty and frustration, and damages the goodwill of the Mark and the business symbolized by the Mark.

49. Defendants' use of the THE SPAGHETTI FACTORY mark is likely to cause dilution of the Mark by blurring through association of the two marks which impairs the distinctiveness the Mark and by tarnishment trough association of the Mark with restaurant services of different and inferior quality and characteristics than OSF's services which harms the reputation of the Mark.

50. Upon information and belief, Defendants advertise a continued association of its restaurant with its predecessors in interest John and Barb Gwilt ("the Gwilts") so as to intentionally mislead and deceive the public that there is an association between Defendants, the

Gwilts and Plaintiff, and to obfuscate the true owner of Defendants' restaurant, and to insulate Defendants from liability for its conduct.

51. As a result of Defendants' wrongful conduct and wrongful use of the Mark in connection with advertisement and operations of its restaurant, Defendants have wrongfully and illegally profited, and OSF has suffered lost sales, injury to the goodwill of its business and trademark, dilution of its trademark, injury to the distinctiveness of its trademark and other related damages.

## CLAIMS FOR RELIEF

### FIRST CLAIM

(Trademark Infringement in Violation of 15 U.S.C. § 1114(1)(a) and (b))

52. OSF repeats and realleges the allegations contained in paragraphs 1 through 51.

53. Defendants' reproduction and use of the Mark, the *www.thespaghettifactoryrestaurant.com* domain name, the Facebook page *SpaghettiFactoryVB*, and confusingly similar marks and names has been and is likely to cause confusion or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114(1)(a) and (b).

54. The THE SPAGHETTI FACTORY mark is a substantially indistinguishable from and therefore a counterfeit of the THE OLD SPAGHETTI FACTORY mark.

55. By reason of the foregoing, OSF has been injured in amounts not yet ascertained and are entitled to the remedies provided for in 15 U.S.C. § 1116 *et. seq.*

56. There is no adequate remedy at law to prevent the foregoing damages.

### SECOND CLAIM

(False Advertising and Unfair Competition in Violation of 15 U.S.C. § 1125(a))

57. OSF repeats and realleges the allegations contained in paragraphs 1 through 56.

58. Defendants' use and continued use of the Mark, the *www.thespaghettifactoryrestaurant.com* domain name, the Facebook page *SpaghettiFactoryVB*, and confusingly similar marks and names is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with OSF, or as to the origin, sponsorship, or approval by OSF of Defendants' goods, services, or commercial activities.

59. Defendants' use and continued use of the Mark, the *www.thespaghettifactoryrestaurant.com* domain name, the Facebook page *SpaghettiFactoryVB*, and confusingly similar marks and names misrepresents the nature, characteristics, and qualities of their services and commercial activities.

60. Defendants' conduct has resulted in profits to Defendants and has deprived OSF of revenue to which it is entitled.

61. By so using the Mark, domain name, Facebook page and confusingly similar marks and names in interstate commerce, Defendants have violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62. By reason of the foregoing, OSF has been injured in amounts not yet ascertained and are entitled to the remedies provided for in 15 U.S.C. § 1116 *et. seq.*

63. There is no adequate remedy at law to prevent the foregoing damages.

## THIRD CLAIM

(Trademark Dilution in Violation of 15 U.S.C. § 1125(c))

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 63.

65. OSF's mark THE OLD SPAGHETTI FACTORY has been famous and distinctive since a time before Defendants registered the domain name *www.thespaghettifactoryrestaurant.com*, began operating the THE SPAGHETTI FACTORY restaurant and began using the THE SPAGHETTI FACTORY mark.

66. Defendants' use of the Mark, the *www.thespaghettifactoryrestaurant.com* domain name, the Facebook page *SpaghettiFactoryVB*, and confusingly similar marks and names in commerce has been for its own commercial gain.

67. Such use impairs the distinctiveness of and harms the reputation of the Mark and OSF.

68. Defendants willfully intended to trade on the recognition of the Mark.

69. By so impairing the distinctiveness of and harming the reputation of the Mark, the Defendants have violated the Federal Trademark Dilution Act of 1995, § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

70. By reason of the foregoing, OSF has been injured in amounts not yet ascertained and are entitled to the remedies provided for in 15 U.S.C. § 1116 *et. seq.*

71. There is no adequate remedy at law to prevent the foregoing damages.

## FOURTH CLAIM

(Trademark Piracy in Violation of 15 U.S.C. § 1125(d))

72. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 71.

73. Plaintiff's Mark THE OLD SPAGHETTI FACTORY was distinctive and famous at the time Defendants registered the domain name *www.thespaghettifactoryrestaurant.com*.

74. The domain name *www.thespaghettifactoryrestaurant.com* is confusingly similar to and diluted of the Mark.

75. Defendants have registered and used the domain name *www.thespaghettifactoryrestaurant.com* with the bad faith intent to profit from the Mark, to divert consumers from OSF's website to Defendants' website accessible under the domain name that could harm the goodwill represented by the mark, for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' website.

76. Defendants' use of the domain name that is confusingly similar to the Mark is likely to cause consumers to mistakenly believe that the *www.thespaghettifactoryrestaurant.com* website is sponsored or approved of by OSF, or that *www.thespaghettifactoryrestaurant.com* is otherwise affiliated with or has obtained permission from OSF.

77. Defendants' use of the domain name incorporating the Mark is also dilutive of the Mark.

78. Upon information and belief, Defendants provided material and misleading false contact information when applying for the registration of the domain name and intentionally failed to maintain accurate contact information.

79. By engaging in the activities described above, Defendants are engaging in cyber piracy in connection with goods and services distributed in interstate commerce in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

80. By reason of the foregoing, OSF International Ltd. has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1125(d).

## FIFTH CLAIM

(Unfair Competition)

81. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 80.

82. Defendants' use of the infringing mark, name and domain name constitutes palming off of Defendants' goods and services as that of Plaintiff's, misappropriation of the results of Plaintiff's skill, expenditures and labor, and infringement of the Mark actionable under the federal and state laws of unfair competition.

83. By reason of the foregoing, OSF has been injured in an amount not yet ascertained, but exceeding $75,000, and is entitled to monetary and equitable remedies.

84. Plaintiff has no adequate remedy at law for the foregoing violations.

## SIXTH CLAIM

(Violation of New York General Business Law § 133, and Similar Laws of Other States)

85. Plaintiff repeats and realleges the each and every allegation contained in paragraphs 1 through 84.

86. Defendants, with intent to deceive or mislead the public, assumed, adopted and used THE SPAGHETTI FACTORY as, or as part of, an assumed or trade name, for advertising purposes or for the purposes of trade, which use may deceive or mislead the public as to the identity of Defendants or as to the connection of Defendants with Plaintiff.

87. By so using THE SPAGHETTI FACTORY, Defendants have violated New York General Business Law § 133 and similar laws of other states.

88. By reason of the foregoing, OSF has been injured in an amount not yet ascertained, but exceeding $75,000, and is entitled to the remedies provided for in New York General Business Law § 133 and similar laws of other states.

### SEVENTH CLAIM

(False Advertising in Violation of New York General Business Law §§ 349 and 350, and Similar Laws of Other States)

89. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 88.

90. Defendants have engaged in deceptive acts or practices in violation of New York General Business law § 349 and false advertising in violation of New York General Business law § 350, and similar laws of other states in which the Defendants' services were advertised or offered.

91. Upon information and belief such violations have resulted in profits to the Defendants and have substantially harmed OSF by depriving OSF of revenue in an amount not yet determined, but exceeding $75,000.

92. By reason of the foregoing, OSF International Ltd. is entitled to the remedies provided for in New York General Business Law §§ 349 and 350 and in similar laws of other states in which Defendants' services were advertised or offered.

### EIGHTH CLAIM

(Violation of New York General Business Law § 360-1, and Similar Laws of Other States)

93. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 92.

94.     Defendants' conduct causes a likelihood of injury to OSF' business reputation or of dilution of the distinctive quality of the Mark in violation of the New York General Business Law § 360-1.

95.     By reason of the foregoing, OSF has been injured in an amount not yet ascertained, but exceeding $75,000, and is entitled to the remedies provided for in New York General Business Law § 360-1.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgement against Defendants as follows:

A.     Granting an injunction against Defendants, their parent companies, subsidiaries, related companies, and all persons or entities acting in concert or participation with them, or persons or entities acting or purporting to act on their behalf, including, but not limited to their officers, directors, partners, owners, agents, representatives, employees, attorneys, successors, and assigns, and any and all persons or entities acting in concert or privity with them, from using "THE SPAGHETTI FACTORY" or any similar term that is likely to violate Plaintiff's common law rights or statutory rights set forth in this complaint;

B.     Ordering Defendants to account for and pay over to Plaintiff all gains, profits, and advantages realized from the sale of goods and services in connection with the infringing marks;

C.     Awarding actual damages sustained by Plaintiff as a consequence of Defendants' conduct;

D.     Assessing and awarding treble damages and reasonable attorney fees pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117 and § 349 of the New York General Business Law;

E. Subject to exercise of Plaintiff's right of election pursuant to § 35(d) of the Lanham Act, 15 U.S.C. § 1117(d), awarding statutory damages in the amount of $100,000 per domain name;

F. Subject to exercise of Plaintiff's right of election pursuant to § 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), awarding statutory damages in the amount of $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed or $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed for willful use of a counterfeit mark;

G. Awarding the costs of the action;

H. Ordering Defendants to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing the Mark and name or confusingly similar marks and names; and

I. Granting such other and further relief against Defendants in favor of Plaintiff that seems to this court to be just, equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for issues so triable.

Dated: January 4, 2023

s/Lee Palmateer
Lee Palmateer (BRN 509188)
LEE PALMATEER LAW OFFICE LLC
41 State Street
Suite 604-20
Albany, New York 12207
Tel: (518) 591-4636
Fax: 1-518-677-1886
Email: lee@palmateerlaw.com
*Attorneys for OSF INTERNATIONAL, INC.*